### KALFUS v. GERSTENBAUM.

(Supreme Court, Appellate Term.  November 12, 1909.)

LANDLORD AND TENANT (§ 308*)—DISPOSSESS PROCEEDINGS—SUFFICIENCY OF EVIDENCE.

In dispossess proceedings by a landlord against a tenant, evidence *held* insufficient to sustain a final order in plaintiff's favor.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent.· Dig. § 1316; Dec. Dig. § 308.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Dispossess proceedings by Isidore Kalfus against Isidore Gerstenbaum.  From a final order in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY, and LEHMAN, JJ.

Harry Stackell, for appellant.
Esther Kunstler, for respondent.

PER CURIAM.  The tenant appellant held a written lease of certain premises from the Leading Realty Company, the then owner of said premises, for the term of two years from January 25, 1909, at a yearly rental of $216, payable in equal monthly payments of $18 in advance.  In March, 1909, plaintiff became the owner of said premises.  During March and April defendant paid plaintiff the $18, the same monthly rent as was specified in said lease.  On or about April 22, 1909, plaintiff gave notice to defendant that he elected to terminate the lease and that he required defendant to vacate on May 1, 1909. Defendant refused to vacate.  Plaintiff thereupon instituted dispossess proceedings, and obtained a final order in his favor.  Defendant appeals.

When plaintiff took possession of the premises, he found defendant there as a tenant, and he claims he told defendant that he regarded him as a monthly tenant only, and took rent from him on that theory, and defendant said nothing of his written lease.  Plaintiff says that, when told that he was a monthly tenant, defendant replied that he did not know plaintiff at all, and said nothing more, although he did pay to plaintiff the monthly rent.  The defendant testifies that plaintiff told him he was the new landlord, and that defendant then asked plain-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tiff what was to become of his written lease. The plaintiff asked defendant what he was paying, and defendant said $18. Thereupon plaintiff said that the "lease was broke," and that he should go to the former landlord and get back the security on the lease deposited by defendant with said former landlord. Defendant did not show his lease, because plaintiff did not ask to see it. There is no evidence that defendant agreed to waive his written lease, either in writing or orally. Assuming, even, that defendant did not tell plaintiff of his written lease, which seems hardly a reasonable assumption, as it was so clearly the interest of defendant to rely on said lease and so notify the plaintiff, still plaintiff had sufficient constructive notice from the possession of the premises by defendant, as a tenant, at the time the plaintiff took control, to put him on his inquiry as to the real nature of defendant's lease. There are rather vague references to some foreclosure suit, but no definite proof that defendant was a party thereto, or that his lease was invalidated thereby. It seems to us that the final order is not sustained by the evidence, and that a new trial should be had.

Final order reversed, and a new trial ordered, with costs to appellant to abide the event.